UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEANNE DAYTON, on behalf of
herself and those similarly
situated,

    Plaintiff,

v.                                    Case No: 2:15-cv-342-FtM-29MRM

FLEXICOM, LLC, a foreign
limited liability company,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Flexicom, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. #9) filed on July 1, 2015. Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #14) on July 23, 2015. For the reasons set forth herein, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation

omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

**II.**

Defendant's Motion to Dismiss (Doc. #9) seeks dismissal of plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).  Defendant asserts that: (1) plaintiff has failed to sufficiently allege a claim under the FLSA, (2) plaintiff has not alleged sufficient facts to maintain a collective action, and (3) plaintiff cannot maintain a claim for recordkeeping violations. (Id.)

**A. Factual Sufficiency of Claim**

Defendant alleges that plaintiff has not stated a claim under the FLSA because she has not alleged facts to support her claim, such as "her pay rate," "the number of hours per day or week that she worked," or "the hours for which she was purportedly not compensated." (Id. at 4.)  While the Complaint does fail to set forth this information, it is nonetheless sufficient under Rule 12(b)(6).

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008).  To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages.  See Morgan v. Family Dollar Stores, 551 F.3d 1233,

3

1277 n.68 (11th Cir. 2008). Additionally, "[t]here is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages." Ramos v. Aventura Limousine & Transp. Serv., Inc., No. 12-21693-CIV, 2012 WL 3834962, at *2 (S.D. Fla. Sept. 4, 2012).

Plaintiff's Complaint contains factual allegations sufficient to state a claim under the FLSA. Plaintiff has alleged an employment relationship (Doc. #1, ¶¶ 18, 20), that the employer or employee is engaged in interstate commerce (Id. ¶¶ 8, 12-14), and that defendant failed to pay plaintiff overtime compensation from "at least February 2013 . . . through March 2015" (Id. ¶¶ 19, 21, 26). At this stage, there is no need to plead exact damages in order to state a claim under the FLSA.

**B. Factual Sufficiency of Collective Action Allegations**

Defendant alleges that plaintiff has failed to assert sufficient allegations to maintain a collective action under the FLSA. (Doc. #9, pp. 8-9.) The Court disagrees.

"The FLSA authorizes collective actions against employers accused of violating the FLSA." Morgan, 551 F.3d at 1258. "[T]o maintain a collective action under the FLSA, plaintiff must demonstrate that they are similarly situated." Id. The FLSA does not state how similarly situated the employees must be prior to maintaining a collective action, however the Eleventh Circuit has

4

provided guidance. Id. at 1259-60. See Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991) ("'similarly situated' with respect to their job requirements and with regard to their pay provisions"); Grayson v. K Mart Corp, 79 F.3d 1086, 1096 (11th Cir. 1996) (discussing the need to show that positions are similar—not identical). "Generally, whether a suit can be maintained as a collective action under the FLSA is determined not on a 12(b)(6) motion, but rather on a motion to conditionally certify a collective action." Meggs v. Condotte Am., Inc., No. 12-20876-CIV, 2012 WL 3562031, at *2 (S.D. Fla. Aug. 17, 2012). "However, where a complaint fails to allege the attributes of similarly situated employees, the collective action claim may be dismissed at the pleading stage." Id. (citation omitted).

Plaintiff has sufficiently alleged the "attributes" of similarly situated employees. Plaintiff alleges that "[t]he additional persons who may become plaintiffs in this action are/were 'non-exempt communication specialist' for Defendant, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours." (Doc. #1, ¶ 16.) This is sufficient for Rule 12(b)(6) purposes.

**C. Recordkeeping Violations**

Lastly, defendant asserts that plaintiff cannot maintain a "stand alone private cause of action for record keeping violations under the FLSA." (Doc. #9, pp. 10-11.) The Court agrees that the authority to enforce the recordkeeping requirements rests solely with the Secretary of Labor. <u>Rossi v. Associated Limousine Servs., Inc.</u>, 438 F. Supp. 2d 1354, 1366 (S.D. Fla. 2006) (citing <u>Elwell v. Univ. Hosp. Home Care Serv.</u>, 276 F.3d 832, 843 (6th Cir. 2002)). The Complaint, however, does not allege such a stand-alone violation.

Accordingly, it is now

**ORDERED:**

1. Defendant Flexicom, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. #9) is **DENIED.**

2. Defendant shall file a responsive pleading within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of October, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record